<a>

**FILED**

FEB - 5 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON E. JONES,                )
                             )
       Plaintiff,         )
                             )
v.                           )   Civil Action No. **13 0147**
                             )
DEPARTMENT OF JUSTICE,       )
                             )
       Defendant.         )

### MEMORANDUM OPINION

    For purposes of this Memorandum Opinion, the Court consolidates two complaints, both of which purport to bring claims of employment discrimination. On review of the plaintiff's submissions, the Court will grant the applications to proceed *in forma pauperis* and dismiss the complaints.

    The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[A] complaint [alleging] facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (citing



*Twombly*, 550 U.S. at 557). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

According to plaintiff, the Central Intelligence Agency ("CIA") has connected him to a recruiting satellite radio signal by which it recruits agents. Plaintiff submitted a resume to the CIA and apparently has not been hired for reasons not set forth in the complaint. He was no more successful in securing employment with the Drug Enforcement Administration for an undercover position, apparently due to his age and HIV+ status.

The Court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Without sufficient credible factual allegations to support an employment discrimination claim, the complaints fail to demonstrate more than a mere possibility of misconduct by the defendants. Accordingly, the complaints will be dismissed. An Order is issued separately.

/s/ Rosemary M. Collyer
United States District Judge

DATE: 25 January 2013